Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
SHALOV STONE BONNER & ROCCO LP
485 Seventh Avenue, Suite 1000
New York, NY 10018
(212) 239-4340
Fax (212) 239-4310

*Attorneys for Movants and*
*[Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORWIN, on behalf of himself and all others similarly situated, | CASE NO. 07 CV 6728 |
| Plaintiff, | |
| v. | |
| BERND R. SEIZINGER, MARTINE GEORGE, MARCEL ROSENCZWEIG and GPC BIOTECH AG, | |
| Defendants. | |
| ISTVÀN TEMESFOI, on behalf of himself and all others similarly situated, | CASE NO. 07 CV 7016 |
| Plaintiff, | *Document Electronically Filed* |
| v. | |
| GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG, | |
| Defendants. | |

| | |
|---|---|
| AUDREY DANG, Individually, and on behalf of all others similarly situated, | CASE NO. 07 CV 7476 |
| Plaintiff, | |
| v. | |
| GPC BIOTECH AG; BERND R. SEIZINGER; MARTINE GEORGE; and MARCEL ROSENCZWEIG, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR CONSOLIDATION, APPOINTMENT OF
## LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL

Class Members Istvan Temesfoi, Stefan Ganswindt, Tobias Wenk, Elmar Rempel and

Matthias Lenardt (together, "Movants" or the "Temesfoi Lead Plaintiff Group") respectfully

move for an order, pursuant to Fed. R. Civ. P. 42(a) consolidating the above-captioned actions,

and, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"): (i) appointing them lead plaintiffs; and (ii) approving their selection of Shalov Stone

Bonner & Rocco LP as Lead Counsel for the Class.

### *Introduction*

Presently pending in this District are the three above-captioned related class action

lawsuits (collectively, the "Actions"), brought on behalf of a class (the "Class") consisting of all

persons who purchased or otherwise acquired the securities of GPC Biotech AG ("GPC" or the

"Company"), in the period between December 5, 2005 and July 24, 2007, inclusive (the "Class

Period"), and who were damaged thereby.  The Actions assert claims for violations of §§ 10(b)

and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), against GPC, Bernd R. Seizinger;

Martine George; and Marcel Rosenczweig (collectively, "Defendants") during the relevant time

period.

This motion is made on the grounds that Movants are the most adequate plaintiffs as

defined by the PSLRA.  Movants suffered losses of approximately $928,150.40 in connection

with their purchases of GPC securities during the Class Period.[1]  To the best of our knowledge,

this is the greatest loss sustained by any moving class member or plaintiff who has brought suit

or filed an application to serve as lead plaintiff in the Actions.  In addition, Movants, for the

purposes of this motion, satisfy the requirements of Rule 23 of the Federal Rules of Civil

Procedure because their claims are typical of the claims of the putative class and they will fairly

and adequately represent the interests of the Class.[2]

Accordingly, the Temesfoi Lead Plaintiff Group's motion for the appointment of lead

plaintiffs and lead counsel should be granted in all respects.

### Factual and Procedural Background

The first of the Actions was commenced on or around July 26, 2007, and the required

notice was provided to investors on July 26, 2007.  *See* Stone Aff., at Exh. 3.  The Movants,

---

[1]    The losses suffered by the Movants are not synonymous with compensable damages, the calculation of which raises complex legal and factual questions that cannot be determined at this juncture.  Movants' approximate losses, however, can be ascertained from their certifications and from publicly available securities price information.  Movants' losses are set forth in a tabular exhibit annexed to the Affirmation of Ralph M. Stone in Support of Motion for Appointment of Lead Plaintiffs and Lead Counsel (the "Stone Aff.") as Exhibit 2.

[2]    The merits of the claims alleged are not before the Court at this time.  Rather, this motion concerns only the issues of who will serve as: (i) lead plaintiff representatives of the Class identified in the complaints; and (ii) counsel for that Class.

moreover, have signed certifications attesting to their willingness to serve as class representatives in this litigation. *See id.*, at Exh. 1. In addition, each of the Movants has verified that they suffered significant losses as a result of the matters alleged in the complaints. *See id.*, at Exhs. 1 & 2. Movants are estimated to have suffered losses in the aggregate of approximately $928,150.40. Proposed lead counsel are not aware of any other member of the Class who has a larger economic interest in the Actions and who has expressed a willingness to serve as a lead plaintiff. Accordingly, Movants are presumptively the most adequate representatives of the Class and their motions for the appointment of lead plaintiffs and lead counsel should be granted in all respects.

GPC is a biopharmaceutical company that specializes in the development of new anticancer drugs. It maintains executive offices in Munich, Germany. According to the complaints, beginning on December 5, 2005, the Company issued several positive statements concerning positive data on Satraplatin, a drug aimed at minimizing pain, maximizing survival rates, and facilitating "progression free survival" for prostate cancer patients resistant to traditional treatments. According to the complaint, the truth, however, was that GPC's Phase 3 trial was deeply flawed because it relied on unorthodox methods for gauging the effectiveness of Satraplatin. Defendants refused to adopt any of the FDA's established endpoints, and instead fashioned a new one that they thought Satraplatin could easily meet, notwithstanding undisclosed warnings from the FDA that Defendants' chosen methodology had not been shown to yield reliable results. It is alleged that defendants actively concealed these matters from the investing public throughout the Class Period. Additionally, GPC attended conferences and issued press

3

releases in which it presented data that Satraplatin was very effective. As a result of these false

statements, GPC shares traded at artificially inflated levels.

On July 20, 2007, an FDA committee questioned the benchmarks for assessing

Satraplatin's effectiveness. GPC stock in turn plummeted $10.85 over the next two trading days.

After the close of trading on July 24, 2007, the FDA revealed that its Oncologic Drugs Advisory

Committee had advised against approval for Satraplatin and that it would not reconsider the drug

until the end of 2008. On news of these revelations, the Company's stock price dropped by an

additional $7.20 to close at $13.16 on July 25, 2007. Collectively, GPC investors have suffered

massive losses totaling in the many millions of dollars.

## ARGUMENT

### A. THE ACTIONS SHOULD BE CONSOLIDATED

Rule 42(a) of the Federal Rules of Civil Procedure provides: "[w]hen actions involving a

common question of law or fact are pending before the court, it may order a joint hearing or trial

of any or all the matters in issue in the actions; it may order all the actions consolidated; and it

may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or

delay." A court has broad discretion to consolidate cases pending within its district. *See*

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

There is no question that the above-captioned actions should be consolidated. They all

involve class action claims brought on behalf of purchasers of GPC common stock during the

same relevant period. Each of the actions assert similar claims, involving the same underlying

facts and relying on the same theories of liability. No opposition to consolidation is anticipated.

Accordingly, the above-captioned actions should be consolidated under Rule 42(a).

4

## B. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS
## FOR THE CLASS IN THE CONSOLIDATED ACTION

### 1 . The Procedure Mandated by the PSLRA
### For Appointment of Lead Plaintiffs

The PSLRA amended the Exchange Act by addressing various matters relating to private

lawsuits brought thereunder.  The PSLRA added Section 21D to the Exchange Act, codified at 15

U.S.C. § 78u-4.  This section established a procedure for the appointment of a "lead plaintiff" in

"each private action arising under the [Exchange Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

First, the plaintiff who files the first action shall publish a notice to the class informing

class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-

4(a)(3)(A)(i).  The first such notice in the above-titled actions was published on July 26, 2007.

*See* Stone Aff., Ex. 3.  Second, within 90 days after the publication of the notice of pendency, or

as soon as practicable after the consolidation of multiple related cases if consolidation occurs

after the expiration of the 90-day period, the court shall consider any motion made by a class

member and "shall appoint as lead plaintiff the member or members of the purported plaintiff

class that the court determines to be most capable of adequately representing the interests of class

members." 15 U.S.C. § 78u-4(a)(3)(B)(I).  The PSLRA provides the following standard for

determining who is the "most adequate plaintiff:"

> [T]he court shall adopt a . . . presumption that the most adequate
> plaintiff in any private action arising under this title is the person or
> group of persons that --
>> (aa) has either filed the complaint or made a motion
>> in response to a notice [within 60 days of
>> publication of the notice];

(bb) in the determination of the court, has the
largest financial interest in the relief sought by the
class; and
(cc) otherwise satisfies the requirements of Rule 23
of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pirelli Armstrong Tire Corp. v. LaBranche & Co.*,

229 F.R.D. 395, 419-20 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D.

42, 45-46 (S.D.N.Y.1998). As set forth below, Movants are the "most adequate plaintiff" here.

### 2. Movants Satisfy The Lead Plaintiff
### Requirements of the PSLRA

### (i) Movants have Complied with the
### Procedural Requirements of the PSLRA

The 60-day period under the PSLRA, in which motions for appointment as lead plaintiff

must be filed, expires on September 24, 2007. This Motion is thus being made within the

statutory 60-day period.

The Motion includes the required Certifications from Movants setting forth, among other

things, their transactions in GPC securities during the Class Period, and indicating their

willingness to serve as a representative party on behalf of the class. *See* Certificates of Movants,

Stone Aff., Ex. 1. The total losses of Movants are summarized in a chart annexed to the Stone

Declaration at Exhibit 2. In addition, Movants have retained competent and experienced counsel,

as set forth in the firm resume of Shalov Stone Bonner & Rocco LP. *See* Firm Resume, Stone

Aff., Ex. 4.

### (ii) Movants Have the Largest Financial
### Interest in the Relief Sought by the Class

Movants are presumptively the most adequate Plaintiff because, to the best of undersigned counsels' knowledge, Movants have the largest financial interest in the relief sought of any class member that has come forward as a proposed lead plaintiff.   As such, Movants are the presumptive Lead Plaintiffs in this matter. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the proposed Class Period, Movants' losses, calculated in accordance with the PSLRA, are approximately $928,150.40.  *See* Loss Analysis, Stone Aff., Ex. 2.  As of the date hereof, neither Movants nor their counsel have received any lead plaintiff motion by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here.  Accordingly, Movants are presumptively the most adequate Lead Plaintiffs and they satisfy all of the PSLRA's prerequisites for appointment as lead plaintiffs pursuant to Section 21 D(a)(3)(B) of the Exchange Act.

### (iii) Movants Otherwise Satisfy
### the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill some, but not all, of the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Rule 23(a) provides that a party may serve as a class representative if the following four prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (4) the representative parties will

fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).[3] Where a movant's claims arise out of the same course of conduct and are based on the same legal theories as those of other class members, and the movant has suffered the same injuries as absent class members and appears to be able to fairly and adequately represent the class, then the movant has satisfied these requirements. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 419-20; *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00 Civ. 152, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 45-46.

Here, Movants purchased GPC securities during the Class Period at prices alleged to have been artificially inflated by Defendants' false and misleading statements and were damaged thereby. Moreover, because Movants collectively purchased tens of thousands of shares and lost $928,150.40 in connection with their purchases of GPC stock during the Class Period, they have an incentive to vigorously prosecute this action together on behalf of the Class. Movants have also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims. *See* Stone Aff., Ex. 4. For all of these reasons, Movants meet the relevant requirements of Rule 23 for purposes of their appointment as Lead Plaintiffs herein.

## C. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL

Pursuant to Section 21 D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the Class.

---

[3] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Cendant Corp. Litig.*, 264 F.3d at 263-64.

Movants here have selected and retained Shalov Stone Bonner & Rocco LP as Lead Counsel.  SSB&R has leading roles in numerous actions on behalf of defrauded investors as reflected on the firm's resume, annexed to the Stone Affirmation as Exhibit 4.  All counsel involved are prepared to commit the necessary resources to prosecute this action and minimize duplication of cost and effort.  The court should, therefore, approve Movants' selection of Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court consolidate the above-captioned actions, appoint the Temesfoi Lead Plaintiff Group as Lead Plaintiffs and approve Movants' selection of Lead Counsel.

Dated: September 24, 2007                    Respectfully submitted,

                                             **SHALOV STONE BONNER & ROCCO LP**

                                             /s/ Ralph M. Stone
                                             Ralph M. Stone
                                             Thomas G. Ciarlone, Jr.
                                             485 Seventh Avenue, Suite 1000
                                             New York, NY 10018
                                             (212) 239-4340

                                             *Attorneys for Movants and*
                                             *[Proposed] Lead Counsel for the Class*

9